UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON HARRIS, by and through Cathy Lester,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SCOTT R. JONES; and DOES 1 to 50,<br><br>Defendants. | No. 2:17-cv-02346-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Clifton D. Harris, by and through Cathy Lester ("Plaintiff") alleges he suffered catastrophic injuries after being brutally attacked by another inmate at the Sacramento County Main Jail. Plaintiff seeks to recover damages for those injuries and names the County of Sacramento ("the County"), the Sacramento County Sheriff's Department ("Sheriff's Department") and Sheriff Scott R. Jones ("Sheriff Jones") as Defendants. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") made pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that Plaintiff's Complaint fails to state any viable claim

///

///

1

against Defendants.  As set forth below, that Motion is GRANTED with leave to amend in part and DENIED in part.[1]

## BACKGROUND[2]

According to Plaintiff's FAC, he is an openly-gay African-American man who was incarcerated at the Sacramento Main Jail prior to being sentenced in the wake of a criminal conviction.  On June 16, 2017, Plaintiff was brutally attacked by another inmate while inside his cell.  The FAC alleges that as a result of this beating, Plaintiff sustained serious head injuries (as well as a broken jaw) that left him a "virtual vegetable" unable to breath on his own, communicate, or eat.  At the time the present lawsuit was instituted on November 16, 2017, Plaintiff remained housed at the University of California, Davis Medical Center, where he continued to receive treatment.

According to the FAC, based on information and belief, prior to Plaintiff's beating "unknown deputies" instructed Plaintiff's cellmates that they could be reassigned "to a different and better cell if they attacked Plaintiff."  FAC, ¶ 19.  The FAC makes municipal liability allegations against the County, the Sheriff's Department and Sheriff Jones, citing Defendants' "inadequate policies, customs or practices concerning their obligation to protect inmates, including Plaintiff, from the threat of serious harm or injuries at the hands of other inmates."  Id. at ¶ 25.  Plaintiff claims these shortcomings left Defendants' subordinate employees "inadequately trained, supervised, or disciplined."  Id.  Plaintiff claims that Defendants should have been on notice of these deficiencies because they (1) settled an injured inmate's failure to protect claim in 2012; and (2) lost five jury trials alleging excessive force by deputies between 2006 and 2009.  Id. at ¶ 26.  Plaintiff claims without further factual explication, that these instances show "multiple past and

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

[2] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from the allegations contained in Plaintiff's FAC.  ECF No. 1.

2

subsequent instances of failure to protect inmates from the threat of serious harm or injury at the hands of other inmates at the Sacramento County Main Jail" even though the FAC neither alleges nor explains whether the other cited instances involved injuries by other inmates as opposed to by Jail personnel. Plaintiff also alleges that these unexplained "multiple instances of misconduct," because they purportedly occurred in "an open setting," demonstrated that actions against inmates were "taken with impunity". Id.

Defendants now ask the Court to dismiss Plaintiff's FAC on grounds that Plaintiff's factual allegations lack any specificity. Defendants also allege that certain of Plaintiff's ten causes of action are duplicative, that Plaintiff lacks standing to pursue injunctive relief at this juncture, and that no personal involvement on the part of Sheriff Jones has been articulated. Defendants further claim that inclusion of the Sacramento County Sheriff's Department as a Defendant is duplicative of having joined the County and that the Sheriff's Department should accordingly be dismissed.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and

1 quotations omitted). A court is not required to accept as true a "legal conclusion
2 couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
3 Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief
4 above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
5 Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
6 pleading must contain something more than "a statement of facts that merely creates a
7 suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and
quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard
to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to
relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their
claims across the line from conceivable to plausible, their complaint must be dismissed."
Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
that actual proof of those facts is improbable, and 'that a recovery is very remote and
unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to
grant leave to amend. Leave to amend should be "freely given" where there is no
"undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
to the opposing party by virtue of allowance of the amendment, [or] futility of the
amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
be considered when deciding whether to grant leave to amend). Not all of these factors
merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .
carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

"the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Propriety Of Sheriff's Department As A Defendant

Defendants initially argue that the Sheriff's Department should be dismissed as an improper and duplicative defendant. In Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), however, the court concluded otherwise, finding that "[o]ur analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." Id. at 690. The Ninth Circuit has squarely applied this reasoning to sheriff's departments, finding that under California law, such departments are subject to suit under § 1983 as a "separately suable" entity. Streit v. County of Los Angeles, 236 F.3d 552, 555 (9th Cir. 2001). Ninth Circuit case law also confirms that Section 1983 actions can proceed against both a public entity (here the County of Sacramento) and its local law enforcement agency (the Sacramento County Sheriff's Department) simultaneously. See Shaw v. Cal. Dept. of Alcoholic Beverage Control, 788 F.2d 600, 604-605 (9th Cir. 1986) (City of San Jose and San Jose Police Department); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) (City of Los Angeles and Los Angeles Police Department; Streit, 236 F.3d at 565 (County of Los Angeles and Los Angeles County Sheriff's Department).

///
///
///

5

Additionally, while Defendants contend that the Sacramento County Charter[3] provides that lawsuits against County subdivisions must be brought under the name "County of Sacramento," and that the Sheriff's Department should be accordingly dismissed as a Defendant, the law is clear that "a [local government entity's] charter provisions cannot alter the rules of government liability provided by state law." Shaw, 788 F.2d at 604-05.

Because the Sheriff's Department is properly named as a Defendant in these proceedings, Defendants' motion to dismiss that entity as an improper defendant is DENIED.

### B. Injunctive Relief Claims

Defendants next allege that Plaintiff lacks standing to seek injunctive relief because he is unlikely to suffer future injury at the hands of fellow inmates at the Sacramento County Jail, as allegedly caused by County policies, practices, or customs. Defendants reason that any repetition involving Plaintiff is unlikely because he currently requires continuous hospital care and is unlikely to return to incarceration at the Jail.

As Plaintiff points out, however, "where defendants have repeatedly engaged in injurious acts in the past, there is a sufficient possibility that they will engage in them in the near future to satisfy the 'realistic repetition' requirement" necessary to demonstrate an actual injury. Armstrong v. Davis, 275 F.3d 849, 861 (9th Cir. 2001). Consequently, the availability of injunctive relief cannot be ruled out on the basis of lack of standing, and Defendants' dismissal request on that basis is also DENIED.

### C. Viability of Deliberate Indifference Claim For Failure To Protect

Plaintiff's First Cause of Action alleges that law enforcement officers were deliberately indifferent to the need to protect Plaintiff from the threat of serious harm or injury at the hands of other inmates in contravention of Section 1983. Plaintiff alleges

---

[3] Plaintiff's request that the Court take judicial notice of the Sacramento County Charter, Art. I, § 3 under Federal Rule of Evidence 201 is GRANTED. While Defendants also request that the Court take judicial notice of the FAC itself, judicial notice of a pleading on the Court's own docket is unnecessary. See Ennis v. Mortgage Tree Lending, Inc., 2009 WL 3642786 at *1, n.1 (E.D. Cal. 2009).

6

that Defendants County of Sacramento, the Sacramento Sherriff's Department and Sheriff Jones knew or should have known that those officers under their command were inadequately trained, supervised or disciplined due to inadequate policies, customs or practices relating to Defendants' obligations to protect inmates from such harm.

Because there is no respondeat superior liability for municipal entities under Section 1983 (Board of Bryan County v. Brown, 520 U.S. 397, 403 (1997)), a local government entity may be held liable under Section 1983 only for constitutional injuries inflicted by edicts or acts that may be fairly said to represent official policy or custom. Monell, 436 U.S. at 694 (1978). Similarly, with respect to Sheriff Jones, liability under Section 1983 requires personal participation on his part as opposed to the mere fact that officers under his watch may have committed some malfeasance. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Consequently, a supervisor like Sheriff Jones can be liable in his individual capacity only for his own culpable action or inaction in the training, supervision or control of his subordinates. Id.

To state a Monell claim against either the County or the Sheriff's Department, Plaintiff's FAC must contain enough underlying factual allegations to give Defendants fair notice of the claims made against them so as to prepare an effective defense. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). In moving to dismiss, the County and the Sheriff's Department allege that the FAC fails to meet this standard because it does not identify any policy, custom or practice that contributed to the attack on Plaintiff. While Plaintiff claims that they "should have been on notice of the need to discontinue, modify, and implement new and different versions" of such policies, customs or practices," and alleges that the inadequacies were "obvious," it contains no factual explication whatsoever to substantiate those claims, other than to refer to the settlement of one "failure to protect" claim and the fact that the County lost five "excessive force" cases at trial between 2006 and 2012, some five to eleven years before Plaintiff was injured. FAC, ¶¶ 26-27.

///

While Defendants correctly point out the factual allegations needed to support a viable claim in this regard at the motion to dismiss stage, here we have virtually nothing besides the conclusory allegations enumerated above. The fact that there may have been other failure to protect/excessive force cases involving Defendants in the decade prior to the subject incident does not suffice, particularly since the FAC does not even specify whether the earlier claims are analogous as involving a failure to prevent attacks by other inmates. Significantly, too, Plaintiff cannot simply rely on what happened to him to implicate an unconstitutional policy, practice or custom since reliance on a single incident cannot show any course of conduct giving rise to liability and instead would amount to impermissible respondeat superior liability. Liability predicated on custom cannot be demonstrated by random facts or isolated events. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989), overruled on other grounds by Bull v. City and County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010). Moreover, although Plaintiff asserts he should be able to flush out the particulars of his claims through discovery, the fact remains that as the FAC currently stands he had not identified a single specific County policy (or omission).

As to Sheriff Jones, the FAC contains no factual allegations other than the same boilerplate assertions levied against the County and Sheriff's Department. Because Jones is being sued in his individual rather than official capacity (FAC at ¶ 7), Plaintiff must necessarily demonstrate some personal involvement on Jones' part. The FAC as currently constituted, however, states only that Jones knew or should have known that his subordinates were inadequately trained concerning the obligation to protect inmates. Id. at ¶ 33.

Indeed, here the FAC does no more than simply recite the elements of the cause of action potentially available against Jones. There are no allegations that Jones personally had any dealings with Plaintiff or had any involvement in determining the cell housing to which Plaintiff was assigned. This is no more adequate as to Jones than the dearth of factual detail was to the County Defendants. Consequently, Plaintiff has failed

to state a viable claim for deliberate indifference in violation of Section 1983 against any of the named Defendants, and their Motion to Dismiss the First Cause of Action is GRANTED.

### D. Viability Of Plaintiff's Federal Claims Premised On A Special Relationship Or A State-Created Danger

As a Second Cause of Action, Plaintiff alleges that Defendants are also subject to Section 1983 liability because of the "special relationship" they had with Plaintiff given the custodial relationship that arose from his incarceration and their consequent duty to ensure his safety and well-being. Similarly, the Third Cause of Action, again citing Defendants' obligation to protect inmates, alleges that Section 1983 liability can also rest on the "state-created danger" doctrine.

Defendants claim that neither of these causes of action set forth independent theories of liability since they are for all intents and purposes identical to the "deliberate indifference" claims already asserted in the First Cause of Action. The Court agrees. Liability imposed by a special relationship is simply an exception to the general rule that a government owes no duty to protect a plaintiff from attack by private third parties. If a "special relationship" is present, as alleged here, a government's "failure to protect" in the face of that relationship may trigger Section 1983 liability. See Patel v. Kent School Dist., 648 F.3d 965, 971-72 (9th Cir. 2011). Since the failure to protect depends on the existence of a special relationship, the Second Cause of Action, which purports to separately state a claim based on the special relationship, is unnecessary and duplicative.

The same analysis holds true for Plaintiff's "state-created danger" claim since liability under that theory depends on the government "failing to protect" from such a danger. It too adds nothing to Plaintiff's "failure to protect" claims alleged in the First Cause of Action.[4]

---

[4] To the extent Plaintiff argues that liability based on a "failure to protect" arises under the Eighth Amendment to the United States Constitution (as opposed to the Fourteenth Amendment theory actually pled as a basis for liability for the Second and Third Causes of Action), in the Court's view this is a

Defendants' Motion to Dismiss as to the Second and Third Causes of Action is therefore GRANTED.

### E. Claims Made Pursuant To The California Constitution

Plaintiffs' Fourth, Fifth and Sixth Causes of Action all assert claims under Article I, Section 7 of the California Constitution for the same failure to protect, special relationship and state-created danger claims which purport to underlie the First, Second and Third claims. Insofar as Plaintiff seek damages, however, the FAC fails because there is no right to seek damages under Article I, Section 7 of the California Constitution. Katzberg v. Regents of the University of California, 29 Cal. 4th 300, 329 (2002); Javor v. Taggart, 98 Cal. App. 4th 795, 807 (2002) (noting that "it is beyond question" that a plaintiff is not entitled to damages for such violation of the California Constitution).

Consequently, while Defendants' Motion is GRANTED with respect to the availability of damages under the California Constitution, for the reasons stated previously, Plaintiff may seek injunctive relief pursuant to the California Constitution, and Defendants' Motion is DENIED in that regard.

### F. Plaintiff's Claim Under California's Bane Act

The Bane Act, as codified by California Civil Code § 52.1, creates a civil cause of action for damages against any person who interferes, or attempts to interfere, through threats, intimidation or coercion, with the exercise or enjoyment of a person's constitutional or statutory rights. To state a Bane Act claim, a defendant must, by such threats, intimidation, or coercion, have prevented or tried to prevent a plaintiff from doing something he had the right to do under the law, or conversely have tried to prevent the plaintiff from doing something he was not legally required to do. See Campbell v. Feld Entertainment, Inc., 75 F. Supp. 3d 1193, 1211 (N.D. Cal. 2014).

In the present matter, the FAC contains no allegations that any of the named Defendants threatened, intimidated or coerced Plaintiff, and since such behavior is the

---

distinction without a difference since there is no authority for the proposition that the claims would be treated disparately based on that claim.

fundamental gravamen of a Bane Act claim, the Seventh Cause of Action fails on that ground alone, and Defendants' Motion is GRANTED.

### G. Claims For Intentional Infliction Of Emotional Distress And Negligence Against Sheriff Jones

A cause of action for intentional infliction of emotional distress ("IIED") requires: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) the actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Hughes v. Pair, 46 Cal. 4th 1035, 1050-51 (2009). A defendant's conduct is considered "outrageous" when it "is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

As indicated above, the FAC here fails to identify any conduct personally attributable to Sheriff Jones that impacted the Plaintiff, let alone the kind of extreme and outrageous conduct necessary to sustain a cause of action for IIED. Consequently, Plaintiff's IIED claim is dismissed.

Plaintiff's negligence claim fares no better. As Defendants point out, as to Sheriff Jones the FAC states only that Jones "owed Plaintiff . . . a duty of care and breached that duty." FAC at ¶ 84. That simply restates the legal requirements for a negligence claim, and a complaint that offers only labels and conclusions, or formulaic recitations of the elements of a cause of action, is insufficient. Iqbal, 556 U.S. at 678. While Plaintiff appears to argue that Jones exhibited deliberate indifference in the face of evidence concerning problems at the jail, and specifically the cases of excessive force/failure to protect enumerated earlier in this Memorandum and Order, as stated above there is no indication that those instances even involved an injury caused by a cellmate so as to be factually analogous. Consequently, Plaintiff's negligence claim fails as well.

///

Defendants' Motion to Dismiss as to the Ninth and Tenth Causes of Action is consequently GRANTED.

**CONCLUSION**

For all the above reasons, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part. Plaintiff may amend his FAC, should he choose to do so, not later than twenty (20) days after the date this Memorandum and Order is electronically filed. If Plaintiff fails to timely file an amended complaint, the causes of action dismissed by virtue of this order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: August 7, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE